IN THE <u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA NEWPORT NEWS DIVISION</u>

<u>Timeiki Hedspeth #19023-479</u>
Petitioner,

VS.

<u>United States of America</u>
Respondent.

Case No. 4:16-cr-0004 RAJ-LRL-6

<u>Defendant Timeiki Hedspeth's opposed motion for recommendation that she be transferred from BoP custody to home confinement to serve sentence based in part on attorney General Barrs march 26, 2020 memorandum to Director of Bureau of Prisons on Prioritization of Home Confinement as Appropriate in response to COVID-19 Pandemic</u>

Defendant Timeiki Hedspeth, moves this Court for a recommendation pursuant to 18 U.S.C. § 3624(b)(4), that she be transferred from confinement in the Bureau of Prisons to home confinement to serve her sentence during the pendency of the COVID-19 Pandemic, based in part on attorney General William Barrs march 26, 2020 directive to the Bureau of Prisons entitled "Prioritation of Home confinement as appropriate in response to COVID-19 Pandemi

Ms. Hedspeth is currently serving a 175 month sentence imposed November 3, 2017 for nine counts of conspiracy to commit mail, wire, and bank fraud 18 USC § 1349 - Count 1 mail fraud [18 USC §§ 1341 and 2 counts 4 and 14], Bank fraud [18 USC § 1344 and 2-counts 16 and 24]; Wire fraud [18 USC § 1343 and 2 counts of 26 and 33]; and aggervated identity Theft [18 U.S.C. §§ 1028A and 2 counts 0 33 and 35)

The written Judgment was entered November 6, 2017 Ms. Hedspeth appealed her Judgment and sentence to the Fourt circuit as No 18-4038 but the decision was affirmed. According to the Bureau of Prisons website Ms. Hedspeth relea: Date is March 11, 2030.

18 USC § 3621(b)(4). Permits the Bureau of Prisons, in determining where inmates should serve their sentences, to to consider any statment by the court that imposed the sentenc "[a concerning the purposes for which the sentence to imprisone was determined to be warranted; or (B) recommmending a type of penal or correctional facility as appropriate." These recommendations may be made at anytime.

See e.g., United States v Ceballos, 671 F.3d 852, 856 n.2 (9th cir2( (holding that defendant could not appeal the district court's decision on whether to issue recommendations to the Bureau of Prisons, since it was not part of the sentence imposed, but also stating, "We note that this holding does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons, at anytime - including but not limited to - during the sentencing colloquy").

On March 26, 2020, Attorney General William Barr issued a two page memorandum to the Director of Federal Bureau of Prisons, which identifies as its subject "Prioritazation of Home Confinement as Appropriate in Response to COVID-19 Pandemic." This memorandum begins by stating that while the Attorney General was "confident" that the Bureau of Prisons could keep inmates "as safe as possible from the pandemic currently sweeping across the globe. At the same time, there are some at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safe serving their sentences in home confinement rather than in BOP facilities." The memorandum directed the Bureau of Prison officials to consider transferring inmates to home confinement where appropriate to decrease the risks to their health, listing several factors to consider, including but not limited to the age and vulnerability of the inmate to COVID-19 in accordance with CDC guidelines; the security level of the facility where the inmates residing in low and medium securit facilities; the inmates conduct in prison; and the inmates crime of conviction and the assessment of the danger posed by the inmate to the community. The memorandum also directed the BOP medical director of designated person, to assess the inmates risk factors for severe COVID-19 illness, the risk of contracting COVID at the inmates facility, and the risk of COVID-19 at the location in which the inmate seeks home confinement, and stated that hom confinement should only be granted when the totality of the circumstances indicate that the transfer to home confinement is not likely to increase the inmates risk of contracting COVID-19. This memorandum concluded by stating that any inmates who are grante home confinement by BOP should first be placed in a 14 day quarantine period before the inmate is discharged from BOP custody t home confinement.

Defendant has a long term chronic health condition that can be confirmed by her home Primary Care Physician, but have not been treated by the medical doctors or physician assistant at the facility she is housed at. Defendant Hedspeth is housed at Federal Prison Camp in Bryan, Texas and she doesn't know whether any case of COVID-19 have been reported at the facility.

Because of Ms. Hedspeth's health conditions Just discussed, and because she is incarcerated for a non-violent offense that would not make her a danger to the community if she was placed on home confinement. Defendant avers that at the outset of the case on December 2, 2016, she was released from detention on $5,000 (Five-thousand dollars) secured bond. Her release was unopposed by prosecutors. While free, she attended every court appearance without incident. She fully complied with all of the conditions for release set for her by the district court. Her PSI notes no violent behavior in her past or indication that she posed a danger to the safety of any person or the community. The crimes of which she stands convicted involved no violent or threatening behavior.

Ms Hedspeth is a 42-year old mother of 2 sons. She was divorced in 2007 after 6 years of marriage during which she was battered by her ex-husband. On August 10, 2018 her daughter and oldest child, Alea Hedspeth, died at age 21. She was not permitted to attend her child's funeral. On March 25, 2019 her step father who raised her died and she was not permitted to attend his funeral. Ms. Hedspeth's mother, Carol Hedspeth-Davis, is fully supportive and will house Ms Hedspeth if released from detention. Her good character and reliability is amply demonstrated by many letters of support that she provided to the district court for sentencing and which are attached to this motion to the district court for a recommendation of release. For the foregoing reasons she has shown by clear and convincing evidence that she is not likely to flee or pose a danger to the saftey of any other person or the community. Ms. Hedspeth asks this court to issue a recommendation to the Bureau of Prisons that she be transferred from her current BOP facility to home confinement to serve her sentence during the pendency of the COVID-19 pandemic.

## Conclusion

4

Wherefore, Premises Considered, defendant Timeiki Hedspeth prays that this court considers this motion, any response filed by the government and any reply filed by defendant Hedspeth, and issue a recommendation to the Bureau of Prisons that she be transferred from her current BoP facility to home confinement to serve her sentence during the pendency of the COVID-19 Pandemic.

Respectfully Submitted,

*Timeiki Hedspeth*
Defendant
Reg # 19023-479
Federal Prison Camp Bryan
P.O. Box 2149
Bryan, TX 77805

Date: May 8, 2020

I. Transfer of inmates to home confinement where appropriate to decrease the risks to their health.

* The age and vulnerability of the inmate to COVID-19 in accordance with the Centers for Disease Control and Prevention (CDC) guidelines.

* The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities.

* The inmates conduct in prison, with inmates who have engaged in violent or gang related activity in prison of who have incurred a BoP violation. Within the last year not reciving priority treatment under this memo.

* The inmates score under Pattern with inmates who have anything above a minimum score not receiving Priority treatment under this memorandum.

* Whether the inmate has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility.

* The inmates crime of conviction and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offense, will render an inmate ineligible for home detention. Other serious offences should weigh more heavily against consideration for home detention.

# CERTIFICATE OF SERVICES

This is to certify that I have served a true and correct copy of the following:

upon the following addresses, by placing same in a sealed envelope, bearing sufficient postage for the delivery via United States mail Service to:

AUSA Brian Samuels
721 Lakefront Commons Ste. 300
Newport News, VA 23606

which was hand delivered to prison authorities on the grounds of the Federal Prison Camp Bryan in Bryan, Texas on this 12th day of May, 2020.

*[signature]*

Litigation is deemed FILED at the time it was delivered to prison authorities. See: <u>Houston v. Lack</u>, 101 L.Ed. 2d 245 (1988).