IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**TIMEIKI HEDSPETH,**

**Petitioner,**

v.

Criminal No. 4:16-CR-49(6)

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM ORDER*

Before the Court is Timeiki Hedspeth's ("Petitioner") *pro se* Motion for Reconsideration for Compassionate Release ("Motion"), in which Petitioner moves the Court to reconsider its July 22, 2020 and July 20, 2021 orders denying Petitioner's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. Pet'r's Mot. for Reconsideration, ECF No. 411. The Government responded and Petitioner replied. Resp. Opp., ECF No. 418; Reply, ECF No. 424. For the reasons stated below, Petitioner's Motion for Reconsideration is **DENIED**.

Although Rule 59(e) motions for reconsideration are disfavored, the United States Court of Appeals for the Fourth Circuit recognizes three limited grounds for a district court's grant of a motion under this rule: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* at 1081 (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Rule 59(e) motions exist for the purpose of allowing "the court to reevaluate the basis for its decision." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Upon review, Petitioner offers no meritorious reason to warrant a change in the Court's ruling. As an initial matter, Petitioner does not offer any new evidence or arguments regarding her

release plan or the § 3553 factors. Thus, the Court's ruling on those issues remains the same. Further, even considering the totality of Petitioner's health conditions based on the additional medical records she submitted—including the conditions linked to a higher incidence of severe COVID-19 illness and/or death according to the Centers for Disease Control—Petitioner fails to demonstrate an extraordinary and compelling reason for her release. In her Motion for Reconsideration, Petitioner states that since this Court's prior rulings she has been vaccinated against COVID-19 and contracted the virus. This information weighs against release because the very circumstance that Petitioner argues warrants her release has occurred, and Petitioner does not argue that she experienced severe illness or that the Bureau of Prisons failed to effectively manage Petitioner's underlying health conditions in conjunction with her COVID-19 infection. Moreover, Petitioner states that she has refused a booster shot. Petitioner's own failure to protect herself from additional infections further undermines her argument for release. *Dawson v. United States*, No. 2:17-CR-61-2, 2021 WL 3609297, at *4 (E.D. Va. Aug. 13, 2021), *aff'd*, No. 21-7263, 2022 WL 216897 (4th Cir. Jan. 25, 2022).

For the reasons set forth above, Petitioner's Motion for Reconsideration is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner and the United States Attorney's Office for the Eastern District of Virginia.

**IT IS SO ORDERED.**

Newport News, Virginia
July 27, 2022

Raymond A. Jackson
United States District Judge